IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT DEWEY,

   Plaintiff,

vs.             Case No. 03-1385-JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,

   Defendant.

## MEMORANDUM AND ORDER

   Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, which authorizes judicial review of a final agency decision. Plaintiff argues that the Administrative Law Judge (hereafter "ALJ") made three mistakes: 1) the ALJ failed to make the necessary factual findings to support his determination that claimant was less than fully credible; 2) the ALJ failed to give controlling weight to Mr. Dewey's treating physician, who limited claimant's RFC to sedentary or less than full time employment; and 3) the ALJ failed to properly determine plaintiff's RFC and evaluate plaintiff's claim at step five. Plaintiff further claims that the ALJ did not consider the record in its entirety and made selective abstraction of the evidence which cannot be supported by substantial evidence. After reviewing the parties' briefs, the court finds that reversal and remand is not warranted.

**I. BACKGROUND**

Plaintiff Robert Dewey turned 50 years old on December 25, 1997. Mr. Dewey was 51 as of the date of the hearing. R 25. Mr. Dewey suffers from chronic, active, Hepatitis C, back pain, fibromyalgia, chronic fatigue syndrome and depression/anxiety. Mr. Dewey completed tenth grade and has a G.E.D. R. 57. He also has a welding certificate and training as an auto mechanic. R. 58. His past relevant work experience is that of a welder. R. 147-150.

Robert Dewey filed his current applications for Disability Insurance Benefits and Supplemental Security Income Benefits on September 18, 1998. R. 119-121. Mr. Dewey filed a prior application for the same benefits on August 18, 1997. R. 71. This prior application was denied by ALJ James Stubbs on July 31, 1998. R. 68-84. On the subject appeal, Mr. Dewey was denied initially (R. 87-92) and on reconsideration. R. 95-99. He requested a hearing before an ALJ. R. 100. Again, a hearing was held before the Honorable Judge James Stubbs, who issued a second unfavorable decision on July 27, 1999. R. 13-27.

Mr. Dewey timely filed a request for review. R. 12. On April 12, 2002, the Appeals Council denied review. R. 6-8. The decision of the ALJ stands as the "final" decision of the defendant.

**II. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is more than a scintilla and is that evidence which a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Miller v. Chater, 99 F.3d 972 (1996); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989); Kemp v. Bowen,

816 F.2d 1469, 1475 (10th Cir. 1987). Substantial evidence requires the presence of enough relevant evidence that a reasonable mind might consider the Secretary's decision adequately supported. Richardson, 402 U.S. at 401. The court must scrutinize the record and take into account whatever evidence fairly detracts from the evidence supporting the Secretary's findings. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984). An absence of substantial evidence will be found only where there is a conspicuous absence of credible choices and no contrary medical evidence. Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir.1994); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987) (citations omitted). The function of the district court is to determine whether there is evidence to support the decision of the Secretary and not to reweigh the evidence or try the issues de novo. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.

The Secretary employs a five step process in determining the existence of a disability, Bowen v. Yuckert, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), a process which ends at any point if the Secretary determines the claimant is disabled or not. The steps, in order, require determinations of whether the claimant: 1) is currently engaged in substantial gainful activity; 2) has a medically severe impairment or combination of impairments; 3) has an impairment equivalent to one of a number of extremely severe impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1; 4) is unable due to the impairment to perform past work; and 5) has the residual functional capacity to perform other work available in the national economy, considering age, education, and past work experience. See Kemp v. Bowen, 816 F.2d 1469, 1474-75 (10th Cir. 1987).

An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).  The burden is on the claimant to prove the existence of a disability that prevents him from engaging in his prior work for a continuous period of twelve months.  Trimiar, 966 F.2d at 1329. If the claimant makes such a showing, the Secretary must show the claimant is able to do other work in jobs present in the national economy.  Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir. 1989).

### III. ANALYSIS

As a preliminary matter, plaintiff asks this court to reopen a prior application for benefits. Plaintiff urges the court to do so when "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R.§§ 404.988 and 404.989.  Plaintiff argues that the ALJ ignored the treating doctor's opinion that plaintiff could not tolerate a 40 hour work week.  After reviewing the record, the court finds plaintiff's characterization does not provide a complete picture. The record indicates that Dr. Hartwell recommended that Mr. Dewey could work a maximum of 40 hours a week, though 30 hours was "most appropriate."  R. 196, 198.  The doctor's mention of overtime implies that plaintiff worked more than 40 hours a week, which aggravated his existing medical conditions.  R. 198.  Even when read with Dr. Kairouz's recommendation in 1999 that plaintiff be given "a less active" and "more desk related" job, the court finds that there is no clear showing of facial error.  R. 297. Thus, the court will not reopen plaintiff's prior application.  As the ALJ found, it is res judicata that plaintiff was not disabled before August 1, 1998. R. 17, 26.  See 20 C.F.R. §§ 404.987 and

416.1489. The court now turns to plaintiff's three central arguments.

## A. Whether the ALJ Made the Necessary Factual Findings in Support of His "Less Than Fully Credible" Determination

Credibility determinations are generally the province of the ALJ. Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996) (quoting Casias v. Secretary of Health & Human Servs., 933 F.2d at 801). Therefore, the court typically defers to the ALJ as trier of fact on credibility. Thompson v. Sullivan, 987 F.2d at 1490 (citations omitted). It is "recognize[d] that some claimants exaggerate symptoms for purposes of obtaining government benefits, and deference to the fact-finder's assessment of credibility is the general rule." Frey v. Bowen, 816 F.2d at 517. Thus, a court "will not upset such [credibility] determinations when supported by substantial evidence." Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995) (internal quotation omitted).

The Tenth Circuit set forth the proper analysis of evidence of alleged disabling pain in Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987). This standard requires consideration of 1) whether plaintiff established a pain-producing impairment by objective medical evidence; 2) if so, whether there is a "loose nexus" between the proven impairment and the plaintiff's subjective allegations of pain; and 3) if so, whether considering all the evidence, both objective and subjective, plaintiff's pain is in fact disabling. See Kepler v. Chater, 68 F.3d 387, 390 (10th Cir. 1995). The claimant is entitled to have his nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence. An ALJ may not ignore the evidence and make no findings. Kepler v. Chater, 68 F.3d 387, 390 (10th Cir.1995) (quoting Huston v. Bowen, 838 F.2d at 1131 (citations omitted)).

The ALJ found that claimant was "not entirely credible" and that his statements

concerning his impairments and their impact on his ability to work were "credible only to the extent they indicate an inability to engage in activity exceeding" the RFC. R. 22, 26. In his findings, the ALJ determined that plaintiff had severe impairments of hepatitis C, chronic obstructive pulmonary disease, and an adjustment disorder. R. 26. The ALJ further determined that plaintiff's alleged headaches, back problems, and fibromyalgia were not severe impairments R. 20. Plaintiff argues that defendant did not provide specific and valid reasons for finding the plaintiff less than credible and that the ALJ did not support his findings as to those impairments that were not classified as severe. The court does not find either to be the case.

The court finds that the ALJ made several findings that supported his credibility determination. At several points, the ALJ compared plaintiff's testimony with that of the medical evidence. The ALJ found plaintiff's daily activities did not support his description of his pain as frequently approaching excruciating. R. 22. Although plaintiff's activities may have been limited by medical conditions, he is still able to drive a car, play cards during social visits, and engage in a range of activities around the house, albeit more slowly. R. 23. The ALJ found that defendant's right side pain did not comport with his complaints to his treating physicians. R. 22. In addition, the ALJ found that claimant's headaches were reported to medical sources as "intermittent in nature and less frequent than represented in testimony." R. 20. The ALJ also found that there was no back disorder medically documented. R. 20. The court finds that substantial evidence on the record supports the ALJ's credibility determination and that the ALJ provided the necessary specific findings in support of his conclusion. The court will not disturb the ALJ's credibility determination since it is supported by substantial evidence.

Relatedly, plaintiff argues that the ALJ should have considered evidence prior to August

1, 1998 in determining the severity of his back pain and fibromyalgia. At the outset of his decision, the ALJ limited discussion of the previously adjudicated disability period to the purpose of "providing a foundation for consideration of the claimant's credibility regarding his current disability status." R. 17.  In his discussion of  fibromyalgia and back pains, the ALJ found that these were not severe based on the medical evidence since August 1, 1998.  R. 20. Since allegations of disability prior to August 1, 1998 had been previously adjudicated, the ALJ could use the evidence available in the relevant application period to conclude that plaintiff's back pain and fibromyalgia were not severe, even if they may have been considered severe in a prior application.

**B. Whether the ALJ Gave Proper Weight to Mr. Dewey's Treating Physicians**

The opinion of a treating physician in disability cases is entitled to greater weight than those of other physicians. Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983).  Substantial weight should be given to the treating physician's opinion unless there is good cause to disregard it. Tyson v. Apfel, 107 F. Supp. 2d 1267, 1269 (D. Colo. 2000) citing Goatcher v. Dep't of HHS, 52 F.3d 288, 289-90 (10th Cir. 1995). "The longer a source has treated the claimant, the more weight must be given to that source's opinion." Tyson, 107 F. Supp. 2d at 1269.  The ALJ may assign controlling weight to the opinions of the treating doctor if it is supported by the medical record as a whole.  20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).  However, "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) (citing SSR 96-2p).  The ALJ must give good reason for

the weight assigned to the treating source's opinion. 20 C.F.R. §§ 404.1527(d)(2). The ALJ may consider such factors as the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii).

The ALJ gave the opinions of the claimant's treating sources substantial weight. R. 23. The ALJ found that controlling weight was not appropriate because Mr. Dewey's affidavit and the accompanying certification form from Dr. Schewe were prepared by claimant's attorney. The ALJ found reliance on Dr. Schewe's medical evidence was misplaced because: 1) Dr. Schewe only saw claimant briefly no more than one time; 2) the referenced letter from Dr. Kairouz stated only that claimant should not engage in strenuous work and should consider a desk job; and 3) the claimant's assertions in his affidavit are contrary to prior statements. In response, plaintiff argues that he has two treating physicians whose testimony should be given controlling weight rather than substantial weight. Plaintiff notes that he was under the care of two physicians: 1) Dr. Hartwell from at least November 8, 1995 until August 25, 1997; and 2) Dr. Kairouz from June 24, 1998 until June 6, 1999. Dr. Kairouz was a University of Kansas School of Medicine resident and under the supervision of the director of the residence program, Dr. Brenda Schewe. Plaintiff argues that the two doctors were in agreement regarding the diagnosis and the probable functional restriction and that these treating physicians' opinions were consistent with the record as a whole.

As the court related at the outset of this section, the court does not find good cause to open the prior claim for disability. The evidence presented through Dr. Hartwell's treatment records covers a period which has already been adjudicated. While the ALJ may consider this evidence, the relevant period for this application is on or after August 1, 1998. Furthermore,

even if the court were to consider this evidence, it must be read in context. The March 13, 1996 memo that said Mr. Dewey should not work more than 30 or 32 hours should be read in context of later letters that said a maximum of 40 hours was permissible. R. 196, 198, 199. As noted already, the letter implies that the overtime work was part of the problem. The letters dated May 1996 indicate that 40 hours was allowable. R. 196, 198.

The court finds that the record supports the ALJ's assignment of substantial weight to the claimant's treating sources. While Dr. Schewe affirmed that Mr. Dewey's symptoms were consistent with her clinical observations, medical testing, diagnosis and medical history, the only comment she made in support was that the patient has hepatitis C and to see the medical records. As the ALJ noted, Dr. Schewe only briefly saw plaintiff and did not elaborate on the basis of her conclusion. R. 23. Even though Dr. Schewe may have been aware of Mr. Dewey's condition based on her interaction with the treating resident, the ALJ could properly give her testimony less weight because of the limited nature of contact and observation provided. Castellano v.Secretary of Health and Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994).

**D. Whether the ALJ Properly Determined Plaintiff's RFC and Properly Evaluated Plaintiff's Claim at Step Five**

In the sequential analysis, the ALJ determines the plaintiff's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of limitations. Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995)). At this point, the burden is still on the claimant. Id. at 1217. If a claimant is unable to perform her past work, the burden shifts to the Commissioner, who has the burden of proof to establish that the claimant, in

light of her age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. Tinker v. Barnhart, 214 F. Supp. 2d 1144, 1146-47 (N. D. Okla. 2002). See Singh v. Apfel, 222 F.3d 448 (8th Cir. 2000); Lauer v. Apfel, 254 F.3d 700 (8th Cir. 2001); Nevland v. Apfel, 204 F.3d 853 (8th Cir. 2000). If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. Id. See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); Williams v. Bowen, 844 F.2d 748, 750-53 (10th Cir. 1988).

The record states that the ALJ determined that the claimant may occasionally lift and carry up to 20 pounds and up to 10 pounds frequently; stand and walk about 30 minutes at a time up to a total of 4 hours in an 8 hour day; and sit about 1 hour at a time for up to a total of 6 hours in an 8 hour work day. R. 24. The ALJ found that these demands were consistent with some light work. R. 24. The ALJ based his determinations on the record and plaintiff's credible limitations, which represent the most that an individual can do. R. 24. At the next step of the analysis, the ALJ determined that Mr. Dewey could not perform his past relevant work. R. 24. At this stage, the ALJ recognized that the burden shifts to the Social Security Administration to show that there are other jobs in the economy to which the claimant is able to make a successful vocation adjustment considering his age, education, work experience and RFC. R. 24-25. The ALJ determined that while Mr. Dewey was approaching advancing age, had limited education, and a skilled work background, he was not disabled. R. 25. The ALJ found that Mr. Dewey was capable of performing a full range of light work. R. 25.

Plaintiff argues that the ALJ did not include all the functional limitations outlined by the plaintiff and his treating physicians in creating the RFC and that the ALJ failed to properly

evaluate the plaintiff's claim at step five of the sequential evaluation process. In the first part of his argument, plaintiff asks that the court once again visit plaintiff's medical evidence from Dr. Hartwell. The court finds that reopening the prior application is not necessary. The record does not establish that the ALJ made a facial error in the prior disability application.

In the second part of his argument, plaintiff asks that this court make a finding of disability because plaintiff was fifty years old at the time of the hearing and plaintiff would be limited to sedentary employment. The ALJ, however, took these factors into consideration. The ALJ specifically notes that while strict application of the rules was not appropriate, he took into consideration plaintiff's psychological limitations. R. 25. After reviewing the testimony of the vocational expert, the ALJ concluded that plaintiff could engage in "light work," which existed in substantial numbers in the national economy. R. 25. The ALJ's finding is consistent with the record as a whole, and the court finds substantial evidence supports the ALJ's conclusion.

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the court denies plaintiff's request to reverse and remand the final decision of the Commissioner.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE