IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT DEWEY,

        Plaintiff,

vs.                                                                                  Case No. 03-1385-JTM

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

      The present issue for consideration is whether the court should set aside this court's September 13, 2006 order which granted plaintiff's motion for payment of attorney's fees and expenses in the amount of $7500.00 and costs in the amount of $150.00. Additionally, pursuant to Fed. R. Civ. P. 60(a), the plaintiff requests that the court add to the September 13, 2006 order the words "that the EAJA fee should be made payable to plaintiff's attorney." For the following reasons, the court denies plaintiff's motion.

      On July 17, 2006, the plaintiff petitioned this court for attorney's fees and costs under the Equal Access to Justice Act (EAJA). The court granted plaintiff's motion for payment of attorney's fees and expenses in the amount of $7500.00 and costs in the amount of $150.00.

      Thereafter, the Commissioner of Social Security processed the payment of EAJA fees. The U.S. Department of Treasury issued a check in the amount of $7500.00 directly to plaintiff on January 22, 2007. Due to an outstanding delinquent debt to Child Support Enforcement, the Department of Treasury reduced

plaintiff's check by $7500.00, resulting in no fee paid to plaintiff.      Under the EAJA statute, the fees and expenses awarded under the statute properly belongs to a "prevailing party," as opposed to the prevailing party's attorney. *See* 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party . . . fees and other expenses."). Additionally, the Tenth Circuit recently held that "an EAJA award is to the claimant, while counsel receives an SSA award [pursuant to 42 U.S.C. § 406(b)]." *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006). The Federal Circuit has also addressed the issue of payment of fees under the EAJA: "[A]s the Statute requires, any fee award is made to the 'prevailing party,' not the attorney. Thus [the prevailing party's] attorney could not directly claim or be entitled to the award; it had to be requested on behalf of the party." *Phillips v. General Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir. 1991).

Moreover, the Commissioner is not liable "for the amount of the administrative offset on the basis that the underlying obligation, represented by the payment before the administrative offset was taken, was not satisfied." *See* 31 U.S.C. § 3716(c)(2); 31 C.F.R. § 285.5(e)(9). Plaintiff cites no precedent or statutory authority for the court to conclude that the offset should be set aside or that the language should be altered according to Fed. R. Civ. P. Rule 60(a). Therefore, the court denies plaintiff's motion.

IT IS ACCORDINGLY ORDERED this 9th day of July, 2007, that plaintiff's motion to set aside wrongful offset (Dkt. No. 31) is denied.

                                                  s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE